IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JOSH BRANDON KEITH, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 7:23cv00460 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| SOUTHWEST VA | ) | By:    Hon. Thomas T. Cullen |
| REGIONAL JAIL, | ) |         United States District Judge |
| | ) | |
| Defendant. | ) | |

_____

Plaintiff Josh Brandon Keith, an inmate proceeding *pro se,* filed this civil action under 42 U.S.C. § 1983 against the "Southwest VA Regional Jail" ("Jail"). Keith seeks leave to proceed *in forma pauperis* with this action. Having reviewed the record, the court grants Keith's request to proceed *in forma pauperis* but concludes that his complaint fails to state a cognizable federal claim against the Jail. Therefore, the court will dismiss Keith's complaint under 28 U.S.C. § 1915(e)(2)(B)(ii).

**I.**

Keith alleges that he was subjected to cruel and unusual living conditions for 35 days after he escaped from the Jail through the kitchen and made the Jail "look bad in the news." (Compl. at 2 [ECF No. 1].) The court conditionally filed Keith's complaint, advised him that his complaint failed to state a claim against the Jail, and gave him the opportunity to file an amended complaint. (*See* ECF No. 4.) The court advised Keith that if he failed to amend the complaint to correct the noted deficiency within 21 days, the court would assume that he stands on his original complaint and waives his right to amend. The court also warned Keith

that failure to amend his complaint would result in dismissal of the complaint. Keith did not file an amended complaint.

## II.

To state a cause of action under § 1983, a plaintiff must allege facts indicating that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42 (1988). Because a jail is not a legal entity, it is not a "person" subject to suit under § 1983, and Keith cannot maintain this action against the Jail. *See McCoy v. Chesapeake Corr. Ctr.*, 788 F. Supp. 890, 894 (E.D. Va. 1992) (holding that a jail "is not an individual, a corporation, a partnership, or an unincorporated association. Therefore, it lacks the capacity to be sued as a jail."). Accordingly, the court will dismiss this action for failure to state a claim against the defendant.

The Clerk is directed to forward a copy of this Memorandum Opinion and the accompanying order to Keith.

**ENTERED** this 12th day of September, 2023.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE